UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



Franklin C. Smith,             )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 19-2043 (UNA)
                               )
Jennifer Shirey,               )
                               )
        Defendant.             )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis* (IFP). The Court will grant the IFP application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff has invoked the Court's diversity jurisdiction. *See* Compl. Caption. It is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). To that end, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004), and an "'allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction,'" *Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)).

Plaintiff has pled no facts from which the Court can ascertain his citizenship and that of the defendant. For what it is worth, the addresses of both parties are in Virginia Beach, Virginia. *See* Compl. at 6. Plaintiff has attached to the largely incomprehensible complaint a retainer agreement between him and the defendant for legal representation in a court case in Virginia Beach, Virginia, which suggests that he is suing for legal malpractice. Because the complaint neither presents a federal question nor satisfies the citizenship requirement to proceed in diversity, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/

United States District Judge

Date: September 18, 2019